On writ of certiorari (348 U. S. 936) to review a judgment of the United States Court of Claims in a suit to recover income tax assessed by the Commissioner of Internal Revenue on the difference between the amount at which plaintiff in 1939 purchased 6,500 shares of its own capital stock belonging to an official who died and the amount at which plaintiff sold and reissued the stock to other officials during its fiscal year ending July 31, 1944; the Court of Claims holding that plaintiff was entitled to recover.
The judgment of the Court of Claims was affirmed by the Supreme Court November 7, 1955, in an opinion by Mr. Justice Minton.
The syllabus of the Supreme Court opinion is as follows:
Pursuant to a contract entered into without any shown purpose of advantageous investment but solely for the purpose of maintaining the distribution of its common stock among responsible and active members of its organization in a manner designed to reflect their worth to it, a corporation purchased the shares of a deceased officer. These shares were not retired, but were retained as treasury stock. While in the treasury, they could not be voted nor counted for the purpose of establishing a quorum, nor were dividends paid on them. Subsequently, they were resold at a profit to other officers of the corporation, pursuant to the contract. Held: In the circumstances of this case, Treasury Regu *983 lations 111, § 29.22 (a)-15, does not make the sale of this treasury stock of the corporation a taxable transaction under § 22 (a) of the Internal Revenue Code of 1939.
(a) On the record in this case, the corporation was not dealing in its shares as it might in the shares of another corporation, within the meaning of the Regulation.
(b) A different result is not required by the fact that the shares were not retired and new shares' issued.